**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>Colorado Centre Metropolitan District<br><br>    Debtor. | Case No. 89B16410J<br><br>Chapter 9 |
| Colorado Bondshares<br><br>    Plaintiff,<br><br>v.<br><br>Colorado Centre Metropolitan District<br><br>    Defendant. | Adversary No. 25-01213 MER |

**ORDER DENYING APPLICATION TO EMPLOY AS MOOT**

THIS MATTER comes before the Court on the Application of Colorado Centre Metropolitan District to Employ and Retain Bailey & Peterson, P.C. as Special Counsel ("**Application**").[1]

Colorado Centre Metropolitan District is the Debtor in the underlying bankruptcy case, which was filed under Chapter 9 of the Bankruptcy Code on December 5, 1989. The underlying bankruptcy case has since been closed. On July 1, 2025, Colorado Bondshares ("**Plaintiff**") filed an Amended Complaint against the Debtor in the District Court for El Paso County, Colorado ("**State Court Case**").[2] The Debtor removed the State Court Case to this Court on July 29, 2025.[3] On August 21, 2025, the Debtor filed the Application seeking to employ Bailey & Petersen, P.C. as special counsel to represent it in the instant adversary proceeding pursuant to §§ 327(e) and 328(a).[4]

While the Court appreciates the Debtor's Motion, it is unnecessary. Neither the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, nor the Local Bankruptcy Rules requires the Debtor to obtain Court approval prior to employing

---

[1] ECF No. 14.
[2] Case No. 2025CV31420.
[3] ECF No. 1.
[4] ECF No. 14.

counsel in an adversary proceeding. Further, neither §§ 327 nor 328 applies in cases brought under Chapter 9 of the Bankruptcy Code.[5]  Therefore the Court

    ORDERS the Application is DENIED as moot.

Dated September 10, 2025　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Michael E. Romero, Judge
　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Court

---

[5] 11 U.S.C. § 901(a); *In re Shoshone Hosp. Dist.*, 226 B.R. 430, 432 (Bankr. D. Idaho 1998) ("Nothing in § 103, § 901, or the balance of chapter 9 convinces the Court that it is appropriate to enter an order approving a chapter 9 debtor's employment of counsel. Nothing in Rule 2014 varies this conclusion.")