**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re: | Case No. 89B16410J |
| Colorado Centre Metropolitan District | |
| Debtor. | Chapter 9 |
| Colorado BondShares | Adversary No. 25-01213 MER |
| Plaintiff, | |
| v. | |
| Colorado Centre Metropolitan District | |
| Defendant. | |

**ORDER GRANTING MOTION TO REMAND**

THIS MATTER comes before the Court on the Motion to Remand ("**Motion**") filed by Plaintiff Colorado BondShares ("**Colorado BondShares**"), the response thereto filed by the Debtor/Defendant Colorado Centre Metropolitan District ("**Debtor**"), and Colorado BondShares' reply.[1]

**BACKGROUND**

The Debtor commenced the underlying Chapter 9 bankruptcy case on December 5, 1989.  The Debtor's Fourth Amended Plan for Adjustment of Debts (the "**Plan**") was confirmed on March 17, 1992.  Among other things, the Plan required the Debtor to issue new bonds payable from certain tax and fee revenues (the "**Pledged Revenues**"). The issuance and payment of the bonds are governed by the New Bond Resolution, attached as Exhibit A to the Plan.

Colorado BondShares acquired a majority share of the bonds issued under the New Bond Resolution.  On June 30, 2025, more than 33 years after the Plan was confirmed, Colorado BondShares filed a complaint against the Debtor (the "**State Court Case**") in the El Paso County District Court ("**State Court**").[2]  The Complaint alleges, among other things, that the Debtor breached the New Bond Resolution by diverting the Pledged Revenues and using them for purposes other than to repay Colorado BondShares.  Accordingly, Colorado BondShares asserts claims against the Debtor for

---

[1] ECF Nos. 28, 33, & 37.

[2] Case No. 2025CV31420.

breach of contract, mandamus, declaratory judgment, and a permanent injunction.  On July 29, 2025, the Debtor removed the State Court Case to this Court pursuant to 28 U.S.C. § 1452(a).[3]  The Debtor asserts grounds for removal exist because the claims in the State Court Case concern the interpretation and enforcement of the New Bond Resolution, which is part of the Debtor's Plan.  Colorado BondShares disagrees, and it filed the instant Motion seeking to remand this proceeding to the State Court on October 1, 2025.  Per the Motion, Colorado BondShares asserts this proceeding should be remanded because the Court does not have subject matter jurisdiction over the claims because its jurisdiction was limited after the Plan was confirmed, and because there is no "close nexus" between the issues in the State Court Case and the Debtor's Plan.  Alternatively, Colorado BondShares argues the Court must and/or should abstain from adjudicating the issues in this proceeding.  In response, the Debtor asserts the Court has jurisdiction over issues related to the New Bond Resolution because it was incorporated into the Plan, and because the Plan states that the Court retains jurisdiction over all issues related to the Plan.  The Debtor further contends the claims asserted in the State Court Case and this proceeding constitute core proceedings, and the Court is not required to abstain nor should it.

## ANALYSIS

### A.    The Case Should be Remanded Pursuant to § 1452(b)

Pursuant to § 1452(a), a party may remove any claim or cause of action in a civil action to the district court for which such action is pending so long as such district court has jurisdiction over the claim or action under § 1334.[4]  "[Section 1452] not only operates to permit removal of bankruptcy-related cases from a state court to a federal court with proper jurisdiction, it also addresses remand of such cases after removal."[5]  Section 1452(b) provides as follows:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

The nonexclusive list of factors a court may consider when determining whether to remand a removed case includes, among other things

> (1) The effect of abstention and remand on the administration of the bankruptcy estate, including whether claims could be timely adjudicated in

---

[3] ECF No. 1.

[4] Any use of the term "Section" or "§" hereafter means Title 28 of the United States Code unless otherwise stated.

[5] *In re Notary*, 547 B.R. 411, 417 (Bankr. D. Colo. 2016).

2

state court to meet the needs of the bankruptcy case; (2) The extent to which state law issues predominate over bankruptcy issues . . . (5) The presence of a related proceeding commenced in state court or another non-bankruptcy court . . . (7) The jurisdictional basis for the bankruptcy court to hear the claims in the removed proceeding, if any, other than 28 U.S.C. § 1334; (8) Whether the removed proceeding is a core proceeding . . . and; (16) Whether the nature of the proceeding is better suited for state court or bankruptcy court.[6]

"Bankruptcy courts have discretion to determine the relative weight to give to each factor."[7]   In this case, all the relevant factors weigh in favor of remand.  The Debtor's Plan was confirmed more than 33 years ago, and the case has been closed for decades.  Therefore, remanding the proceeding will have no impact on the administration of the Debtor's bankruptcy estate.  Further, all the claims in this proceeding are state law claims, which are better suited for hearing by the State Court.

Perhaps the most relevant and heavily weighted factor is that the Court lacks jurisdiction over the claims in this proceeding.  "Congress limited and defined the subject matter jurisdiction of the bankruptcy courts in § 1334."[8]  Bankruptcy courts may exercise jurisdiction over three types of proceedings: (1) cases under Title 11; (2) civil proceedings "arising under" or "arising in" a case under Title 11; and (3) civil proceedings "related to" cases under Title 11.[9]  "Related to proceedings are those that do not depend on bankruptcy law for their existence.  Bankruptcy courts have jurisdiction over proceedings if the outcome of such proceedings could conceivably affect the administration of the bankruptcy estate.[10]  "A bankruptcy court's statutorily defined jurisdiction is the same after confirmation of a plan as it was before confirmation, *i.e.*, 28 U.S.C. §§ 157 and 1334 control in both situations.  However, it is generally accepted that a bankruptcy court's jurisdiction narrows after plan confirmation with respect to non-core proceedings and related to jurisdiction."[11]

Colorado BondShares argues the Court does not have jurisdiction over the claims in this proceeding because they are not core proceedings, nor do they fall within the purview of the Court's narrowed related to jurisdiction.  In contrast, the Debtor argues the claims at issue here are core proceedings because they arise from the Debtor's alleged violation of the New Bond Resolution, which the Debtor argues

---

[6] *In re Bright Green Corp.*, 671 B.R. 280, 292 (Bankr. D.N.M. 2025).

[7] *Id.* (citing *In re Viper Prods. & Servs., LLC*, 2022 WL 2707879, at *2 (Bankr. N.D.Tex. July 11, 2022)).

[8] *In re Play Membership Golf, Inc.*, 576 B.R. 15, 20 (Bankr. D. Colo. 2017) (*citing Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995)).

[9] *Id.*; *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990).

[10] *Id.*; *In re Play Membership Golf, Inc.*, 576 B.R. at 21; *see Celotex Corp. v. Edwards*, 514 U.S. at 308.

[11] *In re Houlik*, 481 B.R. 661, 675 (10th Cir. BAP 2012) (internal quotations omitted).

3

implicates the Plan and thus administration of the bankruptcy estate.[12]  The Debtor also argues that even if the claims do not constitute core proceedings, the Court has related to jurisdiction because there is a "continuous and direct" connection between Colorado BondShares, the Plan, and the New Bond Resolution.

### 1.      The Issues Are Not Core Proceedings

The Court will first address whether the claims at issue constitute core proceedings.  Section 157(b) lists sixteen examples of core proceedings; however, this list is non-exhaustive.[13]  Ultimately, core proceedings are those having no existence outside bankruptcy.[14]  "Actions which do not depend on the bankruptcy laws for their existence, and which could proceed in another court, are not core proceedings."[15]

The issues in this proceeding do not depend on bankruptcy laws for their existence.  While the contract giving rise to Colorado BondShares' breach-of-contract claim may have resulted from the Debtor's Plan, the disputes at issue here do not implicate the Bankruptcy Code or any other bankruptcy laws.  Indeed, all the claims in this proceeding are state law claims that the State Court can adjudicate.  As such, the Court cannot find that the issues in this proceeding constitute core proceedings.  Therefore, this factor weighs in favor of remand.

### 2.      The Court Does Not Have Related To Jurisdiction

Next, the Court will address whether it has related to jurisdiction over the claims in this proceeding.  Related to proceedings are those that, in the absence of a bankruptcy petition, could have been brought in district or state court.[16]  "The test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[17]  The Court's related to jurisdiction narrows after confirmation.[18]

Here, the outcome of the issues in this proceeding has no bearing on the administration of the Debtor's bankruptcy estate.  The Plan was confirmed more than 33 years ago, and the case has been closed for decades.  Notwithstanding this fact, the Debtor argues there is a continuous and direct connection between Colorado BondShares, the Plan, and the New Bond Resolution sufficient to create a "close nexus"

---

[12] 11 U.S.C. § 157(b)(2).

[13] 11 U.S.C. § 157(b)(2)(A)-(P).

[14] *In re Gardner*, 913 F.2d at 1518 (citing *In re Alexander*, 49 B.R. 733, 736 (Bankr. D.N.D. 1985)).

[15] *Id.* (citing *In re Wood*, 825 F.2d 90, 96 (5th Cir. 1987)).

[16] *Id.*

[17] *Id.*

[18] *In re Houlik*, 481 B.R. at 675.

4

and give this Court related to jurisdiction over the claims.  For there to be a close nexus a matter must affect the interpretation, implementation, consummation, execution, or administration of a confirmed plan.[19]  The Debtor argues the issues here essentially require the Court to enforce the Plan's execution, since the New Bond Resolution is part of the Plan.  In contrast, Colorado BondShares argues the issues here do not involve the execution, implementation, or administration of the Plan, but instead center around a dispute brought by a party that was not involved in the Debtor's bankruptcy case concerning debts that were incurred post-petition.  The Court agrees.  The claims in this proceeding arose more than 30 years after the Plan was confirmed and implemented, and involve a third party that was not involved in the Debtor's bankruptcy case.  These are the types of disputes courts have generally held must be resolved outside of bankruptcy.[20]  In light of these findings, as well as those stated above, the Court finds this proceeding should be remanded to the State Court pursuant to § 1452(b).

## B.      The Court Must Abstain

Alternatively, Colorado BondShares argues the Court must abstain from hearing these issues in this proceeding pursuant to § 1334(c).  The Court agrees.  Section 1334(c)(2) provides that a court shall abstain from hearing a proceeding removed under § 1334 that is based upon state law claims or causes of action that are related to cases arising under Title 11.[21]  Abstention is mandatory if six requirements are satisfied:

> (1) the motion for abstention is timely; (2) the proceeding is based on state law claims; (3) the claims asserted in the proceeding are non-core "related to" claims; (4) there is no basis for federal jurisdiction other than 28 U.S.C. § 1334; (5) an action has been commenced in state court; and (6) the action can be timely adjudicated in state court.[22]

Here, all of the requirements for mandatory abstention are met.  The Motion was filed shortly after the case was removed, and all the claims in this proceeding are state law claims.  As the Court already discussed, the claims at issue here are not core proceedings, nor do they fall within the purview of the Court's narrowed "related to" jurisdiction.  Further, an action has already commenced in the State Court.  It can be timely adjudicated there, since the issues in this proceeding will have no bearing on the administration of the Debtor's bankruptcy estate, which has been fully administered and

---

[19] *In re Resorts Intern., Inc.*, 372 F.3d 154, 168-69 (3d. Cir. 2004).

[20] *In re Smallhold, Inc.*, 2025 WL 2395029, at * 6 (Bankr. D. Del. Aug. 18, 2025) (finding that debtor's breach of a contract that was entered into post-petition but before the plan was confirmed needed to be dealt with outside of bankruptcy since the breach of contract claim arose after the effective date of the plan.)

[21] *In re Bright Green Corp.*, 671 B.R. at 288.

[22] *Id.* at 288-89.

the case closed for decades.[23]  Given all the requirements are met, the Court must abstain from adjudicating this proceeding pursuant to § 1334(c)(2).

## CONCLUSION

For the reasons stated above,

THE COURT ORDERS the Motion is GRANTED.  This proceeding is remanded back to the State Court pursuant to 28 U.S.C. §§ 1452(b) and 1334(c)(2).

THE COURT FURTHER ORDERS all pending motions are DENIED as moot.

THE COURT FURTHER ORDERS this adversary proceeding is DISMISSED.

Dated March 18, 2026                          BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

---

[23] *In re Notary*, 547 B.R. 411, 418 (Bankr. D. Colo. 2016) (quoting *In re Midgard Corp.*, 204 B.R. 764, 778 (10th Cir. 1997)) ("Timeliness is a relative matter, and the focus is on whether allowing a case to proceed in state court will adversely affect the administration of the bankruptcy case.").